IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | 8:03CR36 |
| v. | ) | |
| GYPSY F. RODRIGUEZ, | ) | MEMORANDUM OPINION |
| Defendant. | ) | |

This memorandum supplements the findings made on the record at the defendant's sentencing hearing on May 9, 2005. Filing No. 268.

I. BACKGROUND

The defendant was indicted and charged in a superseding indictment with conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine (Count I), and with distribution and possession with intent to distribute more than 50 but less than 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine (Count III). Filing No. 59.

The charges against Ms. Rodriguez and several co-defendants were tried to a jury on March 8 through March 11, 2004. The jury returned a verdict of guilty on both counts of the superseding indictment with respect to Ms. Rodriguez. Filing No. 171. A presentence investigation report was prepared and the case proceeded to sentencing. Meanwhile, the United States Supreme Court decided *Blakely v. Washington*, 542 U.S. —, 124 S. Ct. 2531 (June 24, 2004) (holding that increasing a defendant's sentence in reliance on a fact that had not been found by a jury violates the Sixth Amendment). The defendant objected to the presentence investigation report under *Blakely.* Filing No. 200. In light of

the *Blakely* decision, parties made a joint oral motion for a new trial. *See* Filing Nos. 217 & 228. The trial court granted the motion. Filing No. 217.

Pursuant to a plea agreement, the defendant then filed a petition to enter a plea of guilty to Count III of the superseding indictment on January 31, 2005. Filing No. 238, Petition, Filing No. 239, Plea Agreement. The statutory range of imprisonment for distribution of more that 50 grams, but less than 500 grams of methamphetamine is five-to-twenty years. 18 U.S.C. § 841(a)(1) and (b)(1). In her petition, Ms. Rodriguez stated as the factual basis for her plea, "[o]n 12-5-02 I had constructive possession of methamphetamine found in my house which had it not been found I would have helped my husband distribute, on 12-5-02 there was money found in my home which was the proceeds of drug sales in which I participated." *Id.* at 14. In the plea agreement, the parties agreed and stipulated, pursuant to Fed. R. Crim. P. 11(c)(1)(C), to the following: the defendant's criminal history category was II; her Base Offense Level should be decreased by three levels, or her sentencing range reduced between 30 and 47 months for her acceptance of responsibility; her offense level should be neither increased nor decreased for her role in the offense; and "defendant should receive no other upward or downward adjustments to her offense level and/or sentence, except defendant is free to present evidence and argument that her sentence should be as low as 60 months imprisonment."[1] Filing No. 239 at 2. The guideline sentencing range for a base offense level of 27 at criminal history category II would result in a sentence of 78 to 97 months.

---

[1]This last clause was added by handwritten interlineation, and a sentence stating "Defendant will file no other motions requesting the Court to depart downward from the sentencing guidelines, or to otherwise reduce her sentence" was crossed out. *See* Filing No. 239 at 2.

A third revised presentence investigation report ("PSR") was prepared by the United States Probation Office ("Probation") and distributed to the parties. In the PSR, Probation determined that Ms. Rodriguez should be held responsible for 638.92 grams of methamphetamine. Her offense level was accordingly set at 32. After deduction of three points for acceptance of responsibility, her total offense level was determined to be 29. Probation determined that Ms. Rodriguez's Criminal Offense Level should be II, with one point assessed for shoplifting four packs of cigarettes in 1999 and two points assessed for committing the instant offense while under a criminal justice sentence, including probation, under U.S.S.G. § 4A1.1(d). Probation calculated Ms. Rodriguez's guideline sentencing range to be 97 to 121 months.

At the sentencing hearing, the parties stipulated that if a representative of Child Protective Serves were called to testify, he or she would testify that in Nebraska, if both parents are in custody and neither will be released within 22 months, Child Protective Services will recommend termination of parental rights. Ms. Rodriguez has already been incarcerated for 19 months on this charge.

II.  DISCUSSION

The defendant objected to the presentence investigation report. Filing No. 261. The defendant objects to the determination in the plea agreement that she was responsible for 142 grams of methamphetamine found in the Hidalgo vehicle. She also objects to the determination that she is responsible for 4 grams of methamphetamine and 5 pounds of marijuana; for an additional 6½ ounces of methamphetamine; or for currency found in the Fernandez-Hidalgo vehicle. The defendant contends that she is only responsible for the 337 grams of methamphetamine found in the thermos in the closet of the South 21st Street

3

residence.  At the sentencing hearing, defendant asked that the court impose a sentence of 60 months, the mandatory minimum.  The court will construe defendant's contentions in this regard as a motion for downward departure.  The Sixth Amendment is violated if a sentencing judge imposes a sentence under the United States Sentencing Guidelines ("Guidelines") based on the determination of a fact (other than a prior conviction) that was not found by the jury or admitted by the defendant.  *United States v. Booker,* 125 S. Ct. 2531, ___ (2005) (Stevens, J., opinion of the Court) ("substantive majority opinion") (finding that *Blakely v. Washington*, 542 U.S. —, 124 S. Ct. 2531 (June 24, 2004), and *Apprendi v. New Jersey,* 530 U.S. 466, 477 (2000), apply to the United States Sentencing Guidelines).  Under *Booker*, the Guidelines are advisory and sentences are subject to appellate review for "reasonableness."  *Id.* at 757, 765-66  (Breyer, J., opinion of the Court) ("remedial majority opinion").  Guideline ranges are one of many factors for the sentencing court to consider.  *See id.* at 767; 18 U.S.C. § 3553(a).  Accordingly, this court is not bound by the Guidelines but must consult them and take them into account when sentencing.  *Id.* at 767, 790 (Scalia, J., dissenting) (noting that "district courts have discretion to sentence anywhere within the ranges authorized by statute—much as they were generally able to do before the Guidelines came into being.").

The district court is charged under the Sentencing Reform Act with the duty to "impose a sentence sufficient, but not greater than necessary," to comply with sentencing purposes and to "consider the nature and circumstances of the offense and the history and characteristics of the defendant" in so doing.  *See* 18 U.S.C. § 3553(a)(1).  The court must further consider "the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B)

to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).  In addition, the court must consider, as advisory, the kinds of sentence available and the applicable category of offenses and category of defendant as set forth in the Guidelines, and its policy statements, as well as the need to avoid unwarranted sentencing disparities among defendants who have been found guilty of similar conduct. 18 U.S.C. § 3553(a)(3)-(6).

In imposing a sentence post-*Booker*, the sentencing court must first determine the appropriate Guidelines sentencing range, since that range remains an important factor to be considered in the imposition of a sentence. *United States v. Mashek*, –- F.3d —, —, 2005 WL 1083465 at *3 (8th Cir. May 10, 2005); *United States v. Haack*, 403 F.3d 997, 1002 (8th Cir. 2005).  Once the applicable range is determined, the court should then decide if a traditional departure is appropriate under Part K and/or § 4A1.3 of the Guidelines. *Id.* at 1002.  Those considerations will result in a "Guidelines sentence." *Id.* The court then considers all other factors set forth in § 3553(a) to determine whether to impose the Guidelines sentence or a non-Guidelines sentence. *Id.*  Nothing in *Booker* requires the court to determine the appropriate Guidelines sentencing range in any manner other than the way the sentence would have been determined pre-*Booker*. *Id.*  However, "[b]ecause the guidelines are now advisory, a reasonable departure is not limited solely to circumstances that the formerly mandatory guidelines framework would have deemed permissible bases for departure." *United States v. Hadash*, No. 03-2180, slip op. at 5 (8th

5

Cir. May 27, 2005) (stating that *Booker* excised the narrow prescription for when departures are warranted).

With those standards in mind, the court finds that defendant's objections to the PSR should be sustained. The court finds that attribution of any amounts over 500 grams of methamphetamine is beyond the contemplation of the plea agreement. Defendant was indicted for, and admitted to, distribution of between 50 and 500 grams of methamphetamine. The parties agreed to a Base Offense Level of 30 (which amounts to a quantity of 350 to 500 grams of methamphetamine under the Guidelines). The court's inclusion of any quantity of methamphetamine over 500 grams of methamphetamine in fashioning a sentence would amount to determination of a fact that was neither "found by the jury or admitted by the defendant." Accordingly, the court finds that defendant's initial Guideline computation under the plea agreement should be based on a total offense level of 30 at criminal history category II, resulting in a sentencing range of 78 to 97 months. The court further finds that although the parties felt otherwise at the sentencing hearing a departure or other adjustment to a sentence of sixty months is expessly within the contemplation of the parties as set forth in the plea agreement.

The defendant's motion for downward departure is based on numerous factors; including the prospect that she will lose parental rights to at least one of her children unless a departure is granted. She also argues that the court should consider that she is the uneducated mother of five; that she was living in a home populated by drug dealers and was "sucked into the vortex" of that life. The evidence adduced at the trial of her co-defendants showed that Ms. Rodriguez was not a major participant in the scheme; although she knew or should have known that drugs were being sold in her home,

6

evidence that she knew the extent of the conspiracy is lacking.[2]  In consideration of the factors set out in 28 U.S.C. § 3553(a), the court finds that the motion for downward departure to a sentence of sixty months should be granted.

Alternatively, on review of the record, the court finds that a departure for overrepresentation of criminal history category would also be warranted in this case. The court can depart downward under this section on its own motion.  *See United States v. Senior,* 935 F.2d 149, 150-51 (8th Cir. 1991) (affirming downward departure raised by court on its own motion).  The court can consider, for example, the historical facts of a defendant's criminal career, including his age when he committed the offenses, the proximity in time of the convictions, and "the state's assessment of the seriousness of [defendant's] crimes as reflected by the state courts' handling of sentencing."  *Id.* at 151.  In departing, the court should apply the Guideline range that would have applied absent the overstatement of his criminal history.  *Id.*

The PSR includes the assessment of two points pursuant to U.S.S.G. § 4A1.1(d) for committing the instant crime while under a criminal justice sentence for another crime. Ms. Rodriguez was sentenced to six months' probation on July 14, 2000, for shoplifting four packs of cigarettes in May 1999.  The indictment alleges that the conspiracy at issue herein began in June 2001, and that is the date on which Probation relied in calculating the points it assessed under U.S.S.G. § 4A1.1(d).  However, Ms. Rodriguez entered a plea to distributing or possessing with intent to distribute methamphetamine on December 5, 2002. In addition, the PSR contains an inconsistency:  in ¶ 82, the date of imposition of the

---

[2]Significantly, the trial judge expressly found the testimony of co-conspirator Fernandez-Hidalgo was not credible with respect to Ms. Rodriguez's involvement in the conspiracy.  *See* Filing No. 228, Transcript of Proceedings at 11.

sentence is listed as July 14, 2000; while in ¶ 86, the date is set forth as July 14, 2001. It appears that defendant violated probation on June 12, 2001. Based on this record, the court is unable to determine whether Ms. Rodriguez was indeed still serving a criminal justice sentence within two years of December 5, 2002. Accordingly, the court will not rely on the statements in the PSR to establish Ms. Rodriguez's criminal history category. In any event, regardless of the reliability of the statements in the PSR, the court would find that a criminal history category of II overrepresents the criminal history of a person whose only prior law enforcement contacts were for minor traffic infractions and the theft of four packs of cigarettes. Absent the additional points assessed for recency of Ms. Rodriguez's criminal conduct, she would have been assessed one criminal history point and would be in criminal history category I. Her Guideline range in that case would be seventy to eighty-seven months. The court would find, however, that a departure to sixty months would be warranted, in light of the seriousness, or lack of seriousness, of her prior conviction.

The court will next determine whether the sentence is reasonable under *Booker's* remedial scheme, mindful that "[i]n fulfilling its duty to impose a sentence sufficient, but not greater than necessary, to comply with sentencing purposes," the court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1); *see also Booker*, 125 S. Ct. at 766-67 (remedial majority opinion). The court has considered the need for the sentence imposed: (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional

treatment in the most effective manner. See 18 U.S.C. § 3553(a)(2). In addition, the court has considered, as advisory, the kinds of sentence available and the applicable category of offenses and category of defendant as set forth in the United States Sentencing Guidelines, and any policy statements promulgated thereto. 18 U.S.C. § 3553(a)(2). Also, the court has considered the need to avoid unwarranted sentencing disparities among defendants who have been found guilty of similar conduct and the need to provide restitution to any victims of the offense. See 18 U.S.C. § 3553(a)(6) & (7). As noted above, the court has consulted the Guidelines and has determined that defendant's Guidelines sentence, after departures, would be sixty months.

In considering the nature of the offense and the history and characteristics of the defendant, the court finds that although the crime was indeed serious, defendant's role was not significant and she was placed in a situation where it would have been difficult, if not impossible, for her to have defied her husband and stepson who were heavily involved in the drug conspiracy. Although she reaped some of the monetary benefits of the drug trade, she did so in order to support her family and to pay bills. Ms. Rodriguez has admitted that she is an addict and has made attempts at treatment. In consideration of the need to avoid unwanted disparity, the court notes that had Ms. Rodriguez been charged in state court with a similar offense, she would most likely not be faced with the specter of losing custody of her children by reason of a lengthy incarceration.

With respect to the need to provide just punishment, afford deterrence and promote respect for the law, the court finds a sentence of sixty months is adequate to promote those objectives. Because Ms. Rodriguez's role in the operation was tangential, and because the major participants of the drug ring have been incarcerated for lengthy

9

sentences, that court also finds a sentence of sixty months is adequate to protect the public from further crimes of the defendant. This sentence will also provide the defendant with drug-rehabilitation treatment. The provision of the maximum term of supervised release is adequate to monitor Ms. Rodriguez's sobriety and the care of any children in her custody. A Statement of Reasons and Judgment and Conviction in conformity with this Memorandum Opinion will issue this date.

DATED this 3rd day of June, 2005.

BY THE COURT:

s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
United States District Judge